**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Antwain Euron Hill,                                        No. 23-cv-1365 (KMM/JFD)

      Petitioner,

v.

                                               **ORDER**

Warden King,

      Respondent.

---

The matter is before the Court on United States Magistrate Judge John F. Docherty's Report and Recommendation (R&R) recommending that Petitioner Antwain Euron Hill's Petition for a Writ of Habeas Corpus (Dkt. 1) be granted in part and denied in part (Dkt. 62). The Court adopts the R&R.

## BACKGROUND

In 2019, Mr. Hill was sentenced to 132 months' imprisonment on a conviction for Conspiracy to Possess with Intent to Distribute 50 or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(VIII), and 846. (Dkt. 11-1 at 1–2.) On December 21, 2021, while serving that sentence, Mr. Hill was convicted of possessing contraband, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(F), and was sentenced to a two-month term of imprisonment to be served consecutively to his previous sentence. (Dkt. 11-2 at 1–2.) Under the First Step Act (FSA) of 2018, a person convicted of the drug-conspiracy charge is eligible to earn credits that can reduce their sentence or time spent in

1

custody, but a person convicted of possessing contraband is not. Before Mr. Hill was convicted of the contraband crime, he earned 405 days[1] of FSA credits.

On May 15, 2023, Mr. Hill filed a Petition for a Writ of Habeas Corpus seeking to shorten the time he spends in prison with those earned credits and any additional credits he was entitled to earn. Specifically, he challenged the Federal Bureau of Prison's (BOP) position that he could neither apply previously earned FSA credits nor earn additional FSA credits because of the contraband conviction that rendered him an "ineligible" prisoner. According to the BOP, because it had aggregated Mr. Hill's sentences into one term of imprisonment that included a sentence relating to a conviction for a disqualifying offense, Mr. Hill was ineligible to earn or apply FSA credits during any portion of his aggregated sentence. *See* 18 U.S.C. §§ 3584(c) (aggregated sentences), 3632(d)(4)(D) (disqualifying offenses that render a prisoner ineligible to earn FSA credits). Mr. Hill maintained that the later conviction for a disqualifying offense did not affect his eligibility to earn FSA credits for what remained of the 132-month sentence for his drug-possession conviction, nor impact his ability to apply the FSA credits he had already earned. (*See* Dkt. 1 at 6, 8.)

On October 7, 2024, Judge Docherty issued an R&R recommending that Mr. Hill's habeas petition be granted. (Dkt. 20.) This Court declined to adopt the R&R in light of an intervening relevant decision issued by the U.S. Court of Appeals for the Eighth Circuit, *Tyler v. Garrett*, No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24, 2024) (per curiam). Specifically, the undersigned found that the *Tyler* Court's decision precluded Mr. Hill from

---

[1] The parties do not dispute the accuracy of this number.

2

accruing FSA credits during his sentence following his conviction for drug possession. But the Court recommitted the matter to Judge Docherty for further proceedings to address "whether the BOP can revoke ETCs that an inmate has already earned before he receives a sentence on an FSA disqualifying offense." (*Id.* at 16.)

The parties submitted additional briefing on the implications of *Tyler*, and on February 19, 2026, Judge Docherty issued the R&R that is presently before the Court, recommending that Mr. Hill's habeas petition be granted in part and denied in part. (Dkt. 62.) Respondent timely objected to the R&R (Dkt. 63), and Mr. Hill filed a response to the Objections (Dkt. 69).

## ANALYSIS

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3). Here, the Court has carefully reviewed the R&R de novo and concludes, based on the full record before the Court, that Mr. Hill's reading of 18 U.S.C. § 3632(d)(4) as allowing prisoners to apply toward prerelease custody or supervised release any FSA credits they earned prior to becoming ineligible reflects the plain meaning of the statute's text. The Court agrees with the reasoning set forth in the R&R and finds it unnecessary to repeat it in full here. However, a few considerations merit additional discussion.

As an initial matter, the Eighth Circuit's decision in *Tyler* is not instructive on the issue of whether Mr. Hill can apply the credits he earned before his disqualifying

3

conviction. Like here, *Tyler* involved a petitioner who was initially serving a sentence for which he was eligible to earn FSA credits but was later convicted of two disqualifying offenses. The petitioner maintained that he was eligible to earn FSA credits on a portion of his aggregated sentence because "he is still serving his [original eligible] sentence, which does not disqualify him from earning FSA credits." 2024 WL 5205501, at *1. In rejecting that argument, the Eighth Circuit explained that "the BOP correctly treated [Mr. Tyler's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him eligibility for FSA credits." *Id.* While *Tyler* makes clear that Mr. Hill is no longer eligible to earn FSA credits on any remaining portion of his aggregated sentence, it is silent as to whether he is entitled to the credits he earned before incurring a conviction for a disqualifying offense. Indeed, the court noted that it appeared the petitioner had not earned any FSA credits prior to the imposition of his disqualifying sentences. *Id.* Therefore, *Tyler* does not resolve the issue presented here.

Next, the Court briefly addresses a few of Respondent's objections, none of which are persuasive. First, Respondent argues that its interpretation, which assigns distinct definitions to "earn" and "receive," avoids a redundant reading of § 3632(d)(4)(A), which states that a prisoner "except for an ineligible prisoner under subparagraph (D)" shall earn FSA credits in certain cases, and § 3632(d)(4)(D), which describes when a prisoner "ineligible to receive time credits under this paragraph[.]" (Dkt. 63 at 7.) But this Court joins Judge Docherty in disagreeing with this reading. Where, as here, one provision excluding certain "ineligible" prisoners explicitly incorporates the definition of

4

"ineligible" set forth in another provision, the Court finds that it makes most sense to read the two subparagraphs as referring to ineligibility for the same benefit.

Second, the Court disagrees that the R&R's interpretation of the statute improperly "disaggregates [Mr. Hill's] multiple prison terms." (*Id.* at 14.) While Mr. Hill's separate sentences remain aggregated as a single prison term, it merely recognizes that he was eligible to earn FSA credits during part of that aggregated sentence before later becoming "ineligible." *See* 18 U.S.C. § 3532(d)(4)(A), (D). And applying the FSA credits he earned prior to the disqualifying conviction does not separate the sentences for administrative purposes. The aggregation takes place irrespective of when the sentence corresponding to the FSA-eligible offense concludes. The Court is likewise unpersuaded by Respondent's suggestion that aggregating sentences to include a sentence for a disqualifying offense requires revocation of FSA credits earned prior to a prisoner's ineligibility. (Dkt. 63 at 14.) That argument contradicts the statute's clear mandate that "[t]ime credits earned . . . by prisoners who successfully participate in recidivism reduction programs or productive activities *shall be applied* toward time in prerelease custody or supervised release," 18 U.S.C. § 3632(d)(4)(C), and imposes additional conditions to the application of credits that are not in the statute.

### ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Dkt. 62) is **ACCEPTED**;

2. Petitioner Antwain Euron Hill's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED IN PART and DENIED IN PART**. The Petition is denied to the extent it challenges the BOP's determination that Petitioner is ineligible to earn

FSA credits after December 10, 2021. Respondent is **ORDERED** to apply Mr. Hill's 405 days of FSA credits in accordance with any applicable statutory provisions not inconsistent with this Order.

**Let Judgment be entered accordingly.**

Date: April 28, 2026                    *s/Katherine M. Menendez*
                                         Katherine M. Menendez
                                         United States District Judge

6